OA 91 Criminal Complaint

# United States District Court

**NORTHERN** DISTRICT OF **CALIFORNIA**

FILED
JUN 1 3 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
V.
RUSSELL LYLES, JR.

CRIMINAL COMPLAINT

Case Number: 3-08-70351 MJ BZ

ORIGINAL

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about __June 12, 2008__ in __Mendocino__ County, in the __Northern__ District of __California__ defendant(s) did,

(Track Statutory Language of Offense)

See Attachment A

in violation of Title _____ United States Code, Section(s) _____.

21 U.S.C. Secs. 812, 841(a)(1), and 841(b)(B)
18 U.S.C. Sec. 924(c) and
18 U.S.C. Sec. 922(g)(3)

I further state that I am a(n) __Special Agent of the FBI__ and that this complaint is based on the following facts:

See Attachment B

Continued on the attached sheet and made a part hereof: ☒ Yes  ☐ No

Approved As To Form: __W.S. Wilson Leung__
AUSA

Jacob D. Millspaugh
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

June 13, 2008
Date

at San Francisco, California
City and State

HON. BERNARD ZIMMERMAN    U.S. MAGISTRATE JUDGE
Name & Title of Judicial Officer

Signature of Judicial Officer

## ATTACHMENT A

### Count One

unlawfully, knowingly, and intentionally distribute, and possess with intent to distribute, a controlled substance, to wit, 100 and more individual marijuana plants, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(B).

### Count Two

unlawfully, willfully, and knowingly use and carry a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, i.e., Count One of this Complaint, and did possess that firearm in furtherance of the offense charged in Count One of this Complaint.

### Count Three

unlawfully, willfully, and knowingly possess, while an unlawful user of a controlled substance (as defined in section 102 of the Controlled Substances Act, 21 U.S.C. § 802), i.e., marijuana, a firearm, which had previously been shipped and transported in interstate commerce.

## ATTACHMENT B

## AFFIDAVIT OF JACOB D. MILLSPAUGH

I, JACOB D. MILLSPAUGH, Special Agent of the Federal Bureau of Investigation, being duly sworn, do declare and state:

1. I am a Special Agent of the Federal Bureau of Investigation ("FBI") and have been so employed since late 2004. I am presently assigned to the San Francisco Office of the FBI, where I investigate criminal violations of federal law, with a focus on violent crimes and crimes committed by gangs. I have received training at the FBI Academy in Quantico, Virginia, to include training on violent crimes, narcotics trafficking, criminal procedure, and gangs. During my career as a Special Agent, I have conducted and participated in many investigations of narcotics trafficking, including marijuana trafficking. The information set forth below is based on my own investigation or on conversations I have had with other law enforcement officers and from reviewing law enforcement documents.

2. This Affidavit is made in support of a Criminal Complaint charging **RUSSELL LYLES, JR.**, with: (a) distributing and possessing with the intent to distribute 100 or more individual marijuana plants, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(B); (b) possessing a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c); and (c) being a controlled substance user in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(3).

3. Because this Affidavit is submitted for the limited purpose of obtaining an arrest warrant, I have not included each and every fact known to me that supports probable cause for arrest. Rather, I have set forth only the facts that I believe are necessary to support the lawful arrest of the individual listed in this Affidavit.

4. Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records are referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

5. On or about June 12, 2008, during the early morning hours, law enforcement officers executed a federal search warrant on the premises known and described as 25520 Poppy Drive, Willits, California, which is a two-story home suspected of having an indoor marijuana grow in its lower level. I learned the following from a law enforcement officer who participated in the search and in the interview of **RUSSELL LYLES, JR.**, described below:

a. After law enforcement officers entered 25520 Poppy Drive, they conducted a protective sweep of the home. The officers found four individuals in the home, including **LYLES**.
b. During their protective sweep, members of the search team saw one shotgun in the bedroom in which **LYLES** had been sleeping and one shotgun in the bedroom across the hall from **LYLES**'s bedroom. Members of the search team also saw a pistol lying on the mantle of the living room. All three of these firearms were loaded, and additional rounds of ammunition were located near the firearms.
    i. During their subsequent search of the home, members of the search team found, among other things, the following: one additional shotgun and two rifles, none of which was loaded;
    ii. additional magazines and rounds of ammunition;
    iii. a high-capacity ammunition drum magazine (approximately 100-round capacity) for an AR-15 rifle (i.e., a demilitarized M-16 rifle);
    iv. several knives;
    v. two sets of brass knuckles;
    vi. a mace-type weapon (i.e., what appeared to be a heavy baseball bat from which sharp spikes protruded);
    vii. two sap-type weapon (i.e., a leather strap with a weight attached to one end);
    viii. approximately seven empty nitrous oxide containers, each approximately five feet high, and several hundred uninflated balloons;
    ix. approximately eight Kevlar bulletproof vests;
    x. a bag of processed marijuana;
    xi. in the lower level of the house, an indoor grow equipped with lights and ventilators containing approximately 84 individual marijuana plants; and
    xii. approximately $1,700 in cash.
c. Markings on one of the shotguns recovered indicated that it had been manufactured in Italy, while markings on one of the rifles recovered indicated that it had been manufactured in Massachusetts.
d. While members of the search team were conducting the search of the home, other members advised **LYLES** of his constitutional rights orally, and **LYLES** agreed to waive them. Among other things, **LYLES** stated the following, in sum and substance:
    i. he has been operating an indoor marijuana grow in his home for several years;
    ii. he sold the marijuana he grew;
    iii. he uses marijuana;

    iv. he had grown two to three cycles of marijuana plants, but then had two cycles of marijuana plants that went bad, so he downsized his marijuana growing operation to its present size to focus on fewer but larger plants;
    v. since downsizing his marijuana growing operation, he has grown two to three cycles of marijuana plants;
    vi. all the marijuana found in the home belonged to him;
    vii. all the firearms found in the home belonged to him;
    viii. he possessed the firearms to "protect [his] house;" the firearms were not the property of the Hell's Angel Motorcycle Club, of which he was a member.

6. Based on my experience, training, and the information I learned from the law enforcement officer set forth in paragraph 5, above, I believe that **LYLES**'s marijuana growing operation has been in operation for several years and that, during this time, he has grown and distributed more than 100 individual marijuana plants.

7. Based on the foregoing, I hereby assert that probable cause exists to believe that **RUSSELL LYLES, JR.,** is in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(B), and Title 18, United States Code, Sections 924(c) and 922(g)(3), specifically, distributing and possessing with intent to distribute more than 100 plants of marijuana, possessing a firearm in furtherance of a drug trafficking crime, and being a user of a controlled substance in possession of a firearm.

JACOB D. MILLSPAUGH
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me
this  13  day of June, 2008

HON. BERNARD ZIMMERMAN
U.S. MAGISTRATE JUDGE