UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff(s), | ) | No. 3-08-70351 MAG |
| v. | ) | |
| | ) | **DETENTION ORDER** |
| RUSSELL A. LYLES JR., | ) | |
| Defendant(s). | ) | |

On June 17, 2008 I heard the government's motion to detain Mr. Lyles. Assistant United States Attorney Wilson Leung appeared for the government. The defendant was present with his counsel, Tony Brass.

Having considered the parties' proffers, and the pretrial services report which recommended detention, I find that the government has met its burden of showing by a preponderance of the evidence that the defendant presents a risk of flight and by clear and convincing evidence that the defendant presents a danger to the community. I also find that defendant has proposed conditions of release which would reasonably assure that he would make his appearances but there are not

1

conditions of release that would reasonably assure the safety of the community. Some of the factors which I considered in reaching this decision follow:

    1. Defendant faces a maximum of life imprisonment and two consecutive mandatory minimum 5 year terms of imprisonment, given the seriousness of the charges. This creates a rebuttable presumption that "no condition or combination of conditions will reasonably assure appearance of the person and safety of the community." 18 U.S.C. § 3142(e).

    2. He is likely to serve at least 10 years, which is buttressed by the strength of the government's case and the fact that he confessed to the charges. Defendant did not dispute the government's proffer that he is not eligible for a safety valve because of his criminal history and the weapons charges. He therefore has a strong incentive to flee.

    3. Defendant also has the ability to flee. He has traveled extensively throughout the United States and internationally. In his confession, he admitted that he owned the large marijuana growing facility found at his residence and that he had downsized it. That, coupled with the fact that his financial history discloses that he is living beyond his means, suggests that he may have access to concealed funds with which to finance flight.

    4. At the same time, he does have substantial ties to the community. His parents were present in court to support him, as were a number of friends. He has a fairly stable residential and employment history, though it is not clear how successful his clothing store is. Defendant proffered that a

friend, Stephen Wilson, would be willing to post his home in Redwood Valley as security for a bond. Mr. Wilson was present, confirmed this proffer and estimated his equity at $450,000. Defendant also proffered that his parents would co-sign the bond. I am satisfied that a half million dollar bond secured by the signatures of his parents and Mr. Wilson's property, together with other appropriate conditions which would include electronic monitoring, would adequately assure that the defendant made his appearances.

5. Of greater concern is the defendant's affinity for guns and violence. His five arrests, which resulted in 3 misdemeanor convictions, all involved weapons and assaultive behavior, including one conviction of obstructing or resisting an officer. The search accompanying the arrest found 6 firearms at his house, 3 shotguns, 2 rifles and a pistol, some of which were loaded, substantial quantities of ammunition, including a magazine for an AR15 rifle (but no rifle), a mace, saps and brass knuckles. Most troubling, 8 bulletproof vests were found. I do not accept defendant's rejoinder that he needs all of these weapons because there are bears in Willets or because he lives in a rural environment.

6. In addition, the pretrial services report contains information from an FBI Special Agent that defendant is believed to be a Sargeant at Arms within the Hell's Angels Club, responsible for enforcing its orders and rules, and that he is believed to be a member of the "filthy few" which, it is alleged, indicates that he is prepared to commit murder on behalf of the club.

3

7. Finally, I can think of no conditions of release that would reasonably assure the safety of the community, given defendant's affinity for violence and weapons.  I am troubled by the fact that he has committed several offenses while on probation for prior offenses, which suggests that he is unlikely to abide by any conditions of release that I would impose to help assure the safety of the community.

Based on the foregoing, the government's motion to detain is **GRANTED.  IT IS HEREBY ORDERED** that:

(1) The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: June 17, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2008\LYLES DETENTION ORDER.wpd

4