ALAN P. CAPLAN
630 Carolina Street
San Francisco, CA 94107
(415) 826-2371
(415) 824-7148 (Fax)
MA Bar No: 072700
Email: apc716@pacbell.net

Attorney for Defendant
RUSSELL LYLES, JR.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No: CR–08-00420-PJH-1 |
|---|---|---|
| Plaintiff, | ) | 3-08-70351 MAG |
| vs. | ) | **DEFENDANT LYLES NOTICE OF MOTION AND MOTION TO RECONSIDER DETENTION ORDER AND REQUEST FOR SHORTENED ORDER OF NOTICE** |
| RUSSEL LYLES, JR. | ) | |
| Defendant. | ) | |

TO:   JOSEPH P. RUSSONIELLO, United States Attorney, and W.S. WILSON LEUNG, Assistant United States Attorney:

PLEASE TAKE NOTICE that on Wednesday, August 27, 2008 at 1:30 P.M. in the courtroom of the Honorable Bernard Zimmerman, United States Magistrate Judge, or as soon thereafter as counsel may be heard, defendant RUSSELL LYLES, JR., by and through undersigned counsel, will and hereby does move that the Court reconsider and revoke the detention order entered against him on June 17, 2008 based upon information that was neither available nor presented to this Court at the time of such detention hearing, and thereafter establish conditions for Mr. Lyles pretrial release.

Defendant further requests that the Court shorten the Local Rule 47-2 notice requirement period by two days, with the proposed hearing date being set 11 days rather than 14 days after the filing of the instant motion. The government does not object to this request. Undersigned counsel has leg surgery set for Friday, August 29, 2008, at St. Mary's hospital, and may be unable to appear for at least two weeks thereafter. Given that defendant's pretrial release is at issue, it is therefore respectfully requested that hearing be set prior to counsel's hospitalization.

In support of his motion, defendant Lyles states as follows:

1. On Monday, June 9, 2007, an investigator for the Sonoma County District Attorney's Office submitted an application and affidavit for a search warrant to search Mr. Lyles residence at 25520 Poppy Drive, Willits, California, which was approved by the Honorable Bernard Zimmerman, United States Magistrate Judge for the Northern District of California, and ordered to be filed under seal.

2. The search warrant basically authorized a search for controlled substances, including marijuana, firearms and related items, and for evidence showing Mr. Lyles' association with the Hells Angels Motorcycle Club ("HAMC").

3. The search warrant was executed on Thursday, June 12, 2008, and Mr. Lyles was arrested after the search teams found evidence of an indoor marijuana "grow" totaling 84 plants.

4. Mr. Lyles was not brought before the Court until the following day, June 13, 2008, at which time he made an initial appearance on Complaint No: 3:08-mj-70351-BZ, in which he was charged with possession with intent to distribute more than 100 marijuana plants (Count One); knowingly using or carrying a firearm in relation to a drug trafficking crime (Count Two); and unlawfully possessing a firearm while being an unlawful user of a

controlled substance (Count Three).

5. Mr. Lyles was represented by previous counsel, Anthony Brass, and was ordered temporarily detained, pending a detention hearing set 4 days later on June 17, 2008.

6. After the June 17th detention hearing, at which he was also represented by previous counsel, Anthony Brass, this Court ordered that Mr. Lyles be detained pending trial, and set a preliminary examination date of July 1, 2008.

7. This Court found that while "defendant has proposed conditions of release which would reasonably assure that he would make his appearances"; it further ruled that "there are not conditions of release that would reasonably assure the safety of the community". [Detention Order, P. 1-2]. A copy of the June 17, 2008 detention order has been attached hereto as "Exhibit A".

8. On June 26, 2008, a three count indictment was returned against Mr. Lyles, Case No: 08-420-PJH. It charged the same 3 offenses as in the initial complaint.

9. Mr. Lyles was arraigned on the indictment on July 1, 2008, and the case was continued until July 16, 2008 for a status conference and the appearance of new counsel.

10. On July 16, 2008, undersigned counsel filed his appearance on behalf of Mr. Lyles, and the matter was set for a status conference before Judge Hamilton on July 30, 2008. Undersigned counsel also stated his intention to file a motion for reconsideration of the Detention Order entered on June 17, 2008. The status conference before Judge Hamilton was subsequently continued by stipulation of the parties until August 6, 2008.

11. At the time of the June 17, 2008 detention hearing, no discovery had been provided to defense counsel, nor had the search warrant application, affidavit and return of service from the Poppy Drive Willits search been unsealed. In addition, previous counsel had no time to prepare a response to evidence pertaining to the Mr. Lyles membership HAMC and certain alleged activities of that organization, as well as to examine Mr. Lyles' criminal history in sufficient detail to fully explain the circumstances of certain of the entries.

Since filing his appearance on July 16, 2008, undersigned counsel has received the following information and evidence from the government that was not available for presentation to the Court at the initial detention hearing herein:

- The search warrant application, affidavit and return of service, the contents of which negatively impact prosecution claims as to the likelihood of Mr. Lyles being convicted.

- The recorded statements made by Mr. Lyles to law enforcement officers at the time of his arrest on June 12, 2008, which were described by the prosecution in its cover letter to undersigned counsel as "post-arrest statements of the defendant", and referred to by the Court in its detention order, based upon government claims at the detention hearing, as "the fact that he [Mr. Lyles] confessed to the charges". [Detention Order, ¶ 2, at P. 2]. The actual statements by Mr. Lyles greatly detract from the government's claims as to the strength of its evidence.

- Two CDs containing photographs and videos of the Lyles residence taken on June 12, 2008 at the time of the search.

- Law enforcement reports in regard to Mr. Lyles arrest and the entry into and search of his residence.

- A detailed criminal history for Mr. Lyles, and a full opportunity to discuss it with other counsel.

- Information pertaining to Mr. Lyles' personal finances and background.

- Significant information related to the HAMC and defendant's role as a member.

12. In addition to receiving the materials referred to in the preceding paragraph, undersigned counsel has had almost 35 years experience in defending members of the HAMC throughout the United States, all as more fully set forth in his declaration filed contemporaneously herewith. The knowledge gained through such representation will enable counsel to present new and highly relevant information and evidence to the Court in regard to defendant's participation and role in the HAMC as it impacts the issue of detention. Undersigned counsel respectfully suggests that these new facts are likely to greatly allay the concerns expressed by the Court in Paragraph 6 of its Detention Order.

13. After filing his appearance on July 16, 2008, undersigned counsel has also been able to develop additional information in regard to other matters of concern to the Court with respect to Mr. Lyles' pretrial release as expressed in Paragraphs 2-3 and 5-7 of its Detention Order.

14. The additional evidence described in the preceding paragraphs, and its impact upon the pretrial release determination will be addressed in some detail in the declaration of undersigned counsel, and in the supporting Memorandum of Points and Authorities filed contemporaneously herewith.

In his moving papers, and at a hearing on the instant motion for reconsideration, defendant would introduce additional evidence to the Court to controvert statements and conclusions in the detention order that were based upon less than complete, or affirmatively inaccurate information from the prosecution at the initial detention hearing, including:

- That Mr. Lyles "has a strong incentive to flee", based upon a conclusion that Mr. Lyles "is likely to serve at least 10 years, which is buttressed by the strength of the government's case and the fact that he confessed to the charges." [Detention Order, P.2, ¶ 2].

- That defendant "also has the ability to flee". [Detention Order, P. 2, ¶ 3].

- That defendant admitted he owned a large marijuana growing facility and downsized it. [Detention Order, P. 2, ¶ 3].

- That defendant's financial history discloses that "he is living beyond his means" and "may have access to concealed funds to finance flight". [Detention Order, P. 2, ¶ 3].

- "Defendant's affinity for guns and violence" based upon the 6 firearms found at his home; mace, saps and brass knuckles; 8 bulletproof vests. [Detention Order, P.3, ¶ 5].

- That defendant's "five arrests, which resulted in 3 misdemeanor convictions, all involved weapons and assaultive behavior, including one conviction of obstructing or resisting an officer". [Detention Order, P. 3, ¶ 5].

- Defendant's role at Sergeant at Arms in the HAMC, and his wearing of an HAMC "Filthy Few" patch on his vest is indicative of a propensity for violence. [Detention Order, P.3, ¶ 6].

WHEREFORE: defendant moves:

- That the Court reconsider its Detention Order of June 17, 2008;

- That on August 27, 2008, the Court grant defendant a hearing and argument on the instant Motion for Reconsideration; and

- That the Court set conditions of pretrial release that will reasonably assure Mr. Lyles' presence before the Court as required, and reasonably assure the safety of any other person or the community, including, without limitation: a reasonable bond, signatures of defendant's parents, travel limited to the Northern and Eastern Districts of California, and such other conditions as the Court may deem appropriate.

1 | In support of his motion, defendant relies upon the pleadings and record in this case, the supporting declaration of undersigned counsel and related exhibits, the supporting memorandum of points and authorities, and such other evidence and argument as the Court may receive.

Dated: August 16, 2008.

> Respectfully submitted:
>
> /s/Alan P. Caplan
> 630 Carolina Street
> San Francisco, CA 94107
> Phone: 826-2371
> Fax: 824-7148
> E-Mail: apc716@pacbell.net

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2008, I caused the aforesaid Motion to Reconsider Detention Order to be electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to AUSA Wai Shun Wilson Leung, and in accordance with the Local Rule of this Court, a "hard copy" will be delivered to the chambers of the Honorable Bernard Zimmerman and to the chambers of the Honorable Phyllis Hamilton.

Dated: August 16, 2008.

                                      s/ Alan P. Caplan
                                      Alan P. Caplan
                                      630 Carolina Street
                                      San Francisco, CA 94107
                                      Phone: 826-2371
                                      Fax: 824-7148
                                      E-Mail: apc716@pacbell.net

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff(s),

v.

RUSSELL A. LYLES JR.,

    Defendant(s).

No. 3-08-70351 MAG

**DETENTION ORDER**

On June 17, 2008 I heard the government's motion to detain Mr. Lyles. Assistant United States Attorney Wilson Leung appeared for the government. The defendant was present with his counsel, Tony Brass.

Having considered the parties' proffers, and the pretrial services report which recommended detention, I find that the government has met its burden of showing by a preponderance of the evidence that the defendant presents a risk of flight and by clear and convincing evidence that the defendant presents a danger to the community. I also find that defendant has proposed conditions of release which would reasonably assure that he would make his appearances but there are not

1

conditions of release that would reasonably assure the safety of the community.  Some of the factors which I considered in reaching this decision follow:

   1.  Defendant faces a maximum of life imprisonment and two consecutive mandatory minimum 5 year terms of imprisonment, given the seriousness of the charges.  This creates a rebuttable presumption that "no condition or combination of conditions will reasonably assure appearance of the person and safety of the community."  18 U.S.C. § 3142(e).

   2.  He is likely to serve at least 10 years, which is buttressed by the strength of the government's case and the fact that he confessed to the charges.  Defendant did not dispute the government's proffer that he is not eligible for a safety valve because of his criminal history and the weapons charges.  He therefore has a strong incentive to flee.

   3.  Defendant also has the ability to flee.  He has traveled extensively throughout the United States and internationally.  In his confession, he admitted that he owned the large marijuana growing facility found at his residence and that he had downsized it.  That, coupled with the fact that his financial history discloses that he is living beyond his means, suggests that he may have access to concealed funds with which to finance flight.

   4.  At the same time, he does have substantial ties to the community.  His parents were present in court to support him, as were a number of friends.  He has a fairly stable residential and employment history, though it is not clear how successful his clothing store is.  Defendant proffered that a

friend, Stephen Wilson, would be willing to post his home in Redwood Valley as security for a bond. Mr. Wilson was present, confirmed this proffer and estimated his equity at $450,000. Defendant also proffered that his parents would co-sign the bond. I am satisfied that a half million dollar bond secured by the signatures of his parents and Mr. Wilson's property, together with other appropriate conditions which would include electronic monitoring, would adequately assure that the defendant made his appearances.

5. Of greater concern is the defendant's affinity for guns and violence. His five arrests, which resulted in 3 misdemeanor convictions, all involved weapons and assaultive behavior, including one conviction of obstructing or resisting an officer. The search accompanying the arrest found 6 firearms at his house, 3 shotguns, 2 rifles and a pistol, some of which were loaded, substantial quantities of ammunition, including a magazine for an AR15 rifle (but no rifle), a mace, saps and brass knuckles. Most troubling, 8 bulletproof vests were found. I do not accept defendant's rejoinder that he needs all of these weapons because there are bears in Willets or because he lives in a rural environment.

6. In addition, the pretrial services report contains information from an FBI Special Agent that defendant is believed to be a Sargeant at Arms within the Hell's Angels Club, responsible for enforcing its orders and rules, and that he is believed to be a member of the "filthy few" which, it is alleged, indicates that he is prepared to commit murder on behalf of the club.

3

7. Finally, I can think of no conditions of release that would reasonably assure the safety of the community, given defendant's affinity for violence and weapons. I am troubled by the fact that he has committed several offenses while on probation for prior offenses, which suggests that he is unlikely to abide by any conditions of release that I would impose to help assure the safety of the community.

Based on the foregoing, the government's motion to detain is **GRANTED. IT IS HEREBY ORDERED** that:

(1) The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: June 17, 2008

*Bernard Zimmerman*
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2008\LYLES DETENTION ORDER.wpd

4