United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

RUSSELL LYLES, JR.,

    Defendant.
_____/

No. CR 08-0420 PJH

**ORDER RE DEFENDANT'S (1) MOTION TO DISMISS INDICTMENT; (2) MOTION TO SUPPRESS STATEMENTS; (3) MOTION TO SUPPRESS EVIDENCE**

Defendant's above three motions came before this court on February 4, 2009. The government appeared through its counsel, Assistant United States Attorney W.S. Wilson Leung. Defendant Russell Lyles ("Lyles") appeared through his counsel, Alan Caplan. The court ruled on defendant's motions to dismiss and to suppress statements at the hearing.

As noted on the record, the court DENIES Lyles' motion to dismiss the indictment, and concludes that: (1) the United States Supreme Court's decision in *District of Columbia v. Heller*, 128 S.Ct. 2783, 2799 (2008), did not overrule the Ninth Circuit's prior decision in *United States v. Purdy*, 264 F.3d 809, 812-13 (9th Cir. 2001), that 18 U.S.C. § 922(g)(3) is not unconstitutionally vague, and Lyles was on notice that California's limited medical marijuana use law did not constitute a defense to federal criminal charges under *United States v. Oakland Cannabis Buyer's Coop.*, 532 U.S. 483, 494 (2001); (2) § 922(g)(3) regulates the possession of a firearm and does not violate the Commerce Clause; *see United States v. Rousseau*, 257 F.3d 925, 932 (9th Cir. 2001); and (3) § 922(g)(3) does not violate the Fifth and Eighth Amendments pursuant to the Supreme Court's decision in

*Robinson v. California*, 370 U.S. 660 (1962), because it punishes *conduct,* the possession of a firearm, as opposed to a "state of being addicted."

Additionally, for the reasons stated on the record, the court DENIES Lyles' motion to suppress statements. Although the court finds that Lyles was in custody, it also finds that the *Miranda* warnings in this case were adequate, that Lyles voluntarily and knowingly waived his rights, and that the police officers' conduct was not coercive, such that Lyles' will was overborne. *See Doody v. Schriro*, 548 F.3d 847, 863 (9th Cir. 2008)*; see also United States v. Leon Guerrero*, 847 F.2d 1363, 1366 (9th Cir. 1988). The court further finds that Lyles has not established unnecessary delay in bringing him before a magistrate judge, thus giving rise to a violation of Federal Rule of Criminal Procedure 5(a)(1)(A) or of his Fifth Amendment due process rights.

## Motion to Suppress Evidence

The court, however, took under submission Lyles' motion to suppress evidence simply because it was unclear whether Lyles had moved for a return of property under Federal Rule of Criminal Procedure 41(g) as he claimed at the hearing. Having again reviewed Lyles' motion papers, and as discussed below, the court concludes that Lyles did not move for such relief, nor did he make a showing that he was entitled to such relief.

Lyles raises essentially four issues in his motion to suppress evidence, including: (1) whether the affidavit established probable cause to support issuance of the search warrant; (2) whether he is entitled to a *Franks* hearing based on alleged misrepresentations and/or omissions in the search warrant affidavit; (3) whether the good faith exception applies; and (4) whether the seizure of Hells Angels items from Lyles' home was supported by probable cause.

**1.    The Affidavit Established Probable Cause for Issuance of the Search Warrant**

Looking first at the issue of probable cause for issuance of the search warrant, the court notes that it has addressed separately below the issue regarding probable cause for seizure of Lyles' Hells Angels paraphernalia.

The sworn affidavit in support of a search warrant must establish probable cause.

Fed.R.Crim.P. 41(d)(1). The test to be applied is whether, using common sense and considering the totality of the circumstances, a magistrate judge can reasonably conclude that there is a "fair probability" that contraband or evidence of a crime will be found in the place to be searched. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "[A] magistrate judge must look to the totality of the circumstances to determine whether the supporting affidavit establishes probable cause." *United States v. Alvarez*, 358 F.3d 1194, 1203 (9th Cir. 2003). A magistrate judge's finding of probable cause is entitled to great deference. *United States v. Terry*, 911 F.2d 272, 275 (9th Cir. 1990).

Here, the court finds probable cause for issuance of the search warrant based on paragraphs 8, 9, 10, 11, and 12 of the affidavit. The CI's information, although two years-old, in combination with information from another "source" and from a Ukiah police officer regarding the marijuana odor, and the utility records for Lyles' residence, were sufficient to establish probable cause.

**2. Lyles has not Demonstrated Misrepresentations or Omissions in the Affidavit Entitling Him to a *Franks* Hearing**

Lyles points to several statements or omissions that he claims entitle him to a *Franks* hearing. *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978). First, he contends that prior to concluding that there was "excessive electrical usage" at his residence, the affiant should have specified that his house runs solely on electrical power. However, because the affiant was not required to list every possible explanation in the affidavit regarding the excessive electrical usage, this argument fails. *See United States v. Burnes*, 816 F.2d 1354, 1358 (9th Cir. 1987) ("The mere fact that the affiant did not list every conceivable conclusion does not taint the validity of the affidavit.").

Second, Lyles contends that the allegation regarding a confidential informant's ("CI") previous reliability is false because the affiant did not clarify that any past successes were based only "in part" on the CI's role. Again, the court finds that the challenged allegation is neither false, nor does it demonstrate a "reckless disregard for the truth." *United States v. Kiser*, 716 F.2d 1268, 1271 (9th Cir. 1983).

1    Third, Lyles asserts that one of the sources named in the affidavit, the Ukiah police
2 officer, lied about smelling marijuana emanating from his residence.  In support, Lyles has
3 submitted information regarding wind patterns that his counsel printed off of the Internet
4 and photos of his house, which he claims demonstrate the falsity of the officer's
5 statements.  This challenge fails for two reasons.  First, to demonstrate entitlement to a
6 *Franks* hearing, it is the *affiant's* veracity – and not that of his informant – that the
7 defendant must challenge.  *United States v. Staves*, 383 F.3d 977, 983 (9th Cir. 2004).
8 Here, Lyles has not demonstrated that the affiant misreported what the officer told him.
9 Second, even if the court were to reach the officer's underlying statements, it does not find
10 that the photos or wind pattern evidence establish the falsity of the statements.

11    Fourth and finally, Lyles argues that the affidavit contained several
12 misrepresentations regarding the Hells Angels and Lyles' affiliation with the club, as set
13 forth in his counsel's prior declaration in support of his motion to revoke the detention order.
14 However, because the court concludes that the allegations related to the Hells Angels are
15 superfluous and unnecessary to a determination of probable cause, it declines to reach this
16 issue.

17    Since the court concludes that the search warrant was supported by probable cause,
18 and that Lyles has not demonstrated that he is entitled to a *Franks* hearing, Lyles' related
19 arguments regarding the good faith exception are moot.

20 **3.    Seizure of Hells Angels-related Items**

21    As noted above, the court took this motion under submission because it was unclear
22 what relief Lyles sought by arguing the improper seizure of the Hells Angels paraphernalia.
23 In response to the court's questions, Lyles stated that he was seeking the return of his
24 property and that he had so moved.

25    Federal Rule of Criminal Procedure 41(g) provides:

26    A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must
27    be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the
28    motion, the court must return the property to the movant, but may impose

4

reasonable conditions to protect access to the property and its use in later proceedings.

The test for whether or not property should be returned is one of reasonableness. *United States v. Comprehensive. Drug Testing, Inc.*, 513 F.3d 1085, 1105 (9th Cir. 2008).

Although the caption of Lyles' motion states that it is in part for the "return of property," Lyles *does not* cite to Rule 41(g) or any related authority, nor does he attempt to make a showing under Rule 41(g) regarding return of the Hells Angels property. Instead, Lyles simply argues that the affidavit did not provide sufficient probable cause for seizure of the Hells Angels items, and also that the search warrant was overbroad and did not specify the Hells Angels items with particularity.

However, under Rule 41(g), a party is not automatically entitled to the property's return simply because the search was unlawful. The Ninth Circuit recently confirmed that "[a] return of property should follow only a particularly egregious [Fourth Amendment] violation." *Comprehensive Drug Testing, Inc.*, 513 F.3d at 1113. "The issue is whether the Government's conduct [is] sufficiently reprehensible . . . to warrant this sanction." *Id.* Additionally, the Ninth Circuit held that "an order to return property under Rule 41(g) is inappropriate where the government's need for the property as evidence continues." *Id.* "If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable." *Id.* It is when the government no longer needs the property as evidence in an investigation that a presumption in favor of return arises. *Id.*

Because Lyles has not made a showing under Rule 41(g) entitling him to return of property, his motion is DENIED on this basis. Furthermore, the court notes that to the extent that Lyles is making a different argument regarding the overbreadth of the warrant, it is unclear based on Lyles' papers and his counsel's arguments what exactly that argument is. Finally, the court reiterates that it has not relied on allegations in the affidavit concerning the Hells Angels generally or Lyles' affiliation with the club in concluding that probable cause for the warrant existed based on the affidavit.

5

For the above reasons and those stated on the record, Lyles' motions are DENIED.

The parties are ORDERED to appear for trial setting on **Wednesday, March 25, 2009,** at 1:30 p.m. in **Courtroom 5.**

**IT IS SO ORDERED.**

Dated: March 11, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge