**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

RUSSELL LYLES, JR.,

    Defendant.
_____/

No. CR 08-0420 PJH

**ORDER RE DEFENDANT'S MOTION TO DISMISS FOR SELECTIVE PROSECUTION**

Defendant's motion for a bill of particulars and his motion to dismiss for selective prosecution and alternative motion for discovery first came before the court on August 12, 2009. The government appeared through its counsel, Assistant United States Attorney W.S. Wilson Leung. Defendant Russell Lyles ("Lyles") appeared through his counsel, Michael Clough. At that hearing, the court granted Lyles' motion for a bill of particulars, but denied his motion to dismiss and for discovery. Subsequently, on August 17, 2009, the court reconsidered Lyles' oral request at the August 12, 2009 hearing to further brief his motion for selective prosecution, and allowed Lyles and the government to file supplemental briefs, which they did. On September 23, 2009, the court heard additional argument on Lyle's motion to dismiss for selective prosecution by the same counsel listed above, and subsequently denied Lyle's motion.

After denying the motion on the record at the September 23, 2009 hearing, the court advised the parties that it would be inclined to certify the issues for appeal and set a briefing schedule and a deadline for Lyles to file a motion for certification. However, Lyles subsequently advised the court that the relevant authorities did not allow him to seek

certification. Accordingly, on October 1, 2009, Lyles filed a notice of interlocutory appeal with the Ninth Circuit, No. 09-10404. This court notes that on October 2, 2009, the Ninth Circuit set a briefing schedule on the interlocutory appeal. Although the transcripts for the September 23, 2009 hearing have been ordered, the court issues this written order to summarize its September 23, 2009 ruling on Lyles' motion to dismiss.[1]

The decision whether to prosecute may not be based on an unjustifiable standard such as race, religion, or other arbitrary classification. *United States v. Armstrong*, 517 U.S. 456, 464 (1996). A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution. *Id.* at 463. To establish an equal protection violation based on selective prosecution, "the claimant must demonstrate that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." *United States v. Arenas-Ortiz*, 339 F.3d 1066, 1068 (9th Cir. 2003) (citing *Armstrong*, 517 U.S. at 465). The showing necessary to obtain discovery on a selective prosecution claim is "somewhat less" than a showing required on the merits. *Id.* at 1185. "[A] defendant who seeks discovery on a claim of selective prosecution must show some evidence of *both* discriminatory effect and discriminatory intent." *United States v. Bass*, 536 U.S. 862, 863 (2002) (emphasis added) (citing *Armstrong*, 517 U.S. at 465). The Ninth Circuit has noted, though, that this discovery standard is nevertheless "a rigorous one designed to minimize interference with the prosecutorial function." *United States v. Turner*, 104 F.3d 1180, 1185 (9th Cir. 1997).

A selective prosecution claim may be based on membership in a suspect class or, as is the case alleged here, an individual's exercise of a fundamental right. *See Armstrong*, 517 U.S. at 464; *United States v. Wayte*, 710 F.2d 1385, 1387 (9th Cir. 1983) *affirmed by* 470 U.S. 598 (1985) (citing *United States v. Steele*, 461 F.2d 1148, 1152 (9th Cir. 1972)). Lyles claims that he was selectively prosecuted based on his association with the Sonoma

---

[1] Because the court was unavailable from September 24, 2009 through October 14, 2009, it was previously unable to issue the instant order.

1  County chapter of the Hells Angels Motorcycle Club ("HAMC").

2  As stated on the record, based on *United States v. Rubio*, the court finds that Lyles
3  has a First Amendment right to associate with the HAMC.  727 F.2d 786, 791 (9th Cir.
4  1983).[2]  However, the court concludes that Lyles' mere association with HAMC is
5  insufficient to make out a prima facie claim for selective prosecution based on the exercise
6  of a fundamental right.  The Supreme Court's decision in *Boy Scouts of America v. Dale*
7  requires that the organization or association itself be engaged in expressive activity that
8  may be impaired by the defendant's prosecution.  530 U.S. 640, 647-48 (2000).  The
9  parties have not cited authority, nor is the court aware of any that clarifies, that in light of
10 *Boy Scouts*, in a criminal prosecution whether it is the organization's or individual
11 defendant's expressive activity that is at issue.  While Lyles made some showing that the
12 HAMC may be engaged in some type of expressive activity, it is not clear to the court that
13 any expressive activity of the HAMC is impaired by Lyles' prosecution.  Similarly, with
14 respect to Lyles' expressive activity, it is not altogether clear exactly what it was.  Lyles'
15 counsel at the hearing in response to a specific question by the court, described Lyles'
16 expressive activity as his decision to join and be a member of the Sonoma Chapter of the
17 HAMC, which suggests to the court mere membership rather than expressive activity.  As
18 the HAMC does not comprise a suspect class and as Lyles' mere membership does not
19 appear to be the kind of expressive activity required by *Boy Scouts*, the court concludes
20 there is insufficient basis for a selective prosecution claim.

21  Moreover, even before *Boy Scouts*, precedents appear to require some kind of

---

[2] At the September 23, 2009 hearing, the court held that, contrary to its statements at the August 12, 2009 hearing, it is *not* relying on the Ninth Circuit panel's decision in *Villegas v. City of Gilroy*, in which the panel questioned the continuing validity of the *Rubio* court's conclusion that Hells Angels members possess a First Amendment right to freedom of association in light of the United States Supreme Court's subsequent decision in *Boy Scouts of America v. Dale*, 530 U.S. 640 (2000).  484 F.3d 1136, 1141 (9th Cir. 2007) *affirmed by* 541 F.3d 950 (9th Cir. 2008).  The court does not rely on the panel decision because the *en banc* court in *Villegas* declined to reach the relevant expressive conduct issue, and it therefore is unclear whether the *en banc* court could be considered to have "adopted" that portion of the panel's decision.  *See* Advisory Committee Notes to Ninth Circuit Rules 35-1, 35-3; Ninth Circuit General Order 5.5(d).

nexus between the First Amendment activity and the prosecution. *Wayte*, 710 F.2d at 1387 (defendant prosecuted after he vocally refused to register for the draft as required by law); *Steele*, 461 F.2d at 1152 (defendant prosecuted for refusing to answer census questions as required by law). Unlike *Wayte* and *Steele,* the court is unable to find a nexus between either Lyles' or the HAMC's expressive activity and Lyles' prosecution. In other words, Lyles is being prosecuted not for actively engaging in conduct or expression attributable to or typical of the HAMC, but for violation of the drug laws. Although Lyles may possess a First Amendment right to associate with the HAMC, this membership alone does not immunize him from criminal prosecution.

Accordingly, the court DENIES Lyles' motion to dismiss the indictment for selective prosecution and alternative motion for discovery. In denying the motion, the court does not reach the issues of discriminatory effect or discriminatory purpose.

**IT IS SO ORDERED.**

Dated: October 16, 2009

PHYLLIS J. HAMILTON
United States District Judge

4